IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ALEJOS RAMIREZ AND          §
OFELIA RAMIREZ              §
                                 §
      Plaintiffs,             §
v.                          §    CIVIL ACTION NO. _____
                                 §
STATE FARM LLOYDS AND     §
SYLVIA GARZA              §
      Defendants.         §

## NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm") removes this action pursuant to 28 U.S.C. § 1441 and respectfully shows:

### Procedural Background and Parties

1.     State Farm and Sylvia Garza, a State Farm-retained adjuster, are defendants in an action styled *Alejos Ramirez and Ofelia Ramirez v. State Farm Lloyds and Sylvia Garza*, Cause No. C-3828-13-D, in the 206th Judicial District of Hidalgo County, Texas (the "state court action"). The state court action was filed on June 24, 2013.

2.     This notice of removal is timely under 28 U.S.C. § 1446(b). It is filed within 30 days after service of citation and Plaintiffs' Original Petition on Defendant State Farm and Defendant Sylvia Garza consents to this removal under 28 U.S.C. § 1446(b)(2)(C). Specifically, the first Defendant (albeit an improperly joined defendant) served with citation and Plaintiffs' Original Petition was Sylvia Garza on July 25, 2013. On August 2, 2013, State Farm was served with citation and Plaintiffs' Original Petition.

3.     At the time this action was commenced, Plaintiffs were, and still are, citizens of Texas.  Alejos Ramirez and Ofelia Ramirez are both natural persons residing in Hidalgo County, Texas; and, thus, each is a citizen of Texas.

4.     Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois, Colorado, and Pennsylvania.  State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.   It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, Colorado, and Pennsylvania, thereby making State Farm a citizen of Illinois, Colorado, and Pennsylvania for diversity purposes.   *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).   Therefore, complete diversity of citizenship exists between Plaintiffs and State Farm.

5.     Defendant Sylvia Garza, was, at the time the action was commenced, and still is a natural person residing in Texas.  Thus, Sylvia Garza is a Texas citizen.

6.     Defendants State Farm Lloyds and Sylvia Garza join in and/or consent to this removal.

## **Basis For Removal**

7.     As set forth below, Plaintiffs improperly joined Sylvia Garza, a State Farm-retained adjuster, for the purpose of defeating diversity.  For this reason, the citizenship of Sylvia Garza should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332.  The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists.  *Salazar v.*

*Allstate Texas Lloyd's Inc.,* 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2003).

8.     This Court, therefore, has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all real parties in interest (Plaintiffs and State Farm) and, as is apparent from the face of Plaintiffs' Original Petition, the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.  Consequently, Defendant State Farm may remove this action pursuant to 28 U.S.C. § 1441.

## Argument and Authorities

### A.     Improper Joinder Generally

9.     Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Smallwood,* 385 F.3d at 573.  State Farm-retained adjuster Sylvia Garza's joinder here is improper because Plaintiffs cannot establish a state court claim against her.

10.     Defendants recognize that they bear a heavy burden of showing there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against adjuster Garza.   But Texas law forecloses liability against adjuster Garza because she has no independent contractual relationship with Plaintiffs.  As a result, Plaintiffs cannot, as a matter of law, establish liability against the carrier-retained adjuster for section 541.060 Insurance Code violations.  And Plaintiffs' Original Petition fails to state viable claims against the Defendant adjuster for fraud or conspiracy to commit fraud.

**B.      Allegations of Plaintiffs' Original Petition**

11.      Plaintiffs allege their home, which is insured by State Farm, "sustained extensive damage during [a hailstorm and/or windstorm]."   Plaintiffs assert "[w]ater intrusion through the roof caused significant damage throughout the entire home." Petition at ¶ 12.   Plaintiffs aver that after "submit[ing] a claim to State Farm . . . as a result of the hail storm and/or windstorm," "State Farm assigned Defendant Garza as the individual adjuster on the claim."    Petition at ¶¶ 13 and 15.

12.      As against adjuster Garza, Plaintiffs allege:

- She "conducted a substandard inspection of Plaintiffs' property." Petition at ¶ 15.

- The report she prepared "failed to include all of Plaintiffs' damages noted upon inspection" and that she "underestimated and undervalued the cost of repairs to the damaged items that she did include in the estimate." Petition at ¶ 15.

- She communicated with Plaintiffs by payment letter dated  November 5, 2012, in which she "failed to give any reason or explanation for her decision to not compensate Plaintiffs for all of the damages they had reported." Petition at ¶ 15.

Plaintiffs allege that, as a result of Garza's conduct, their claim has been "undervalued and underpaid." Petition at ¶ 15.

13.      For their alleged causes of action against the Defendant adjuster, Plaintiffs assert Insurance Code violations under section 541.060, fraud, and conspiracy to commit fraud.

**C.      Improper Joinder of Adjuster Garza**

14.      Plaintiffs have no viable Insurance Code, fraud, or conspiracy claims against State Farm-retained adjuster Garza. Plaintiffs' theory of liability against adjuster

Garza is premised on her alleged improper investigation and settlement of Plaintiffs' insurance claim.  But under Texas law, absent a contractual relationship with a concomitant duty, an adjuster acting exclusively for the carrier cannot be liable for the wrongful investigation and settlement of the claim, regardless of whether the insured phrases his allegations as negligence, bad faith, breach of contract, tortious interference, Insurance Code, or DPTA claims.  *Carpenter v. Sw. Med. Examination Servs., Inc.*, 381 S.W3d 583, 588-89 (Tex. App.—Eastland 2012, no pet.) (affirming summary judgment for Southwest, whose relationship with insured was like that of an adjuster, on insured's common law and statutory bad faith, fraud and conspiracy to commit fraud claims); *Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 938-39 (Tex.App.—Dallas 2007, no pet.) (affirming summary judgment for the adjuster on the insured's negligent misrepresentation, DTPA, and Insurance Code claims "on the ground that [the adjuster] had no legal duty to the [insureds] for action it took on behalf of [the carrier]"); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916 (Tex.App.—Dallas 1997, writ denied) (affirming summary judgment for the adjuster on all of insured's claims regardless of whether "phrased . . . as negligence, bad faith, breach of contract, tortious interference, or DTPA."), *disapproved on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122-23 (Tex. 2001).

15.    As explained by Texas appellate courts, adjusters without a contractual relationship with the insured and who are "merely performing adjusting services for the insurance carrier . . . [do] not stand in the insurer's shoes and . . . the insurance carrier remain[s] liable for the actions of the adjusting firm."  *Dear*, 947 S.W.2d at 917 (emphasis added).  "[T]he buck stops with them.  The insurance companies must

answer for the 'sins' of their [adjusters]." *Natividad v. Alexsis, Inc.* 875 S.W.2d 695, 698 (Tex. 1994) (finding adjusters owe insureds no duty of good faith and fair dealing.).

16.     When addressing State Farm's claim of improper joinder, Plaintiffs likely will point to *Gasch v. Hartford*, 491 F.3d 278 (5th Cir. 2007), but *Gasch* does not assist them.   There, the Fifth Circuit predicted that Texas courts would extend the Texas Supreme Court's decision in *Liberty Mutual Insurance Co. v. Garrison*, 966 S.W.2d 482 (Tex. 1998), to impose personal liability on carrier-retained adjusters for Insurance Code violations.   Numerous Texas federal district courts have relied on *Gasch* to remand insurance claim handling cases back to state court where the removal petition was based on the improper joinder of carrier-retained adjusters.   But the Fifth Circuit's prediction – the basis for its holding – never came true.   Texas courts have not extended *Garrison,* which involved a sales agent who made an actionable pre-claim misrepresentation "that the retrospective premiums would not exceed ten to fifteen percent of [the plaintiff's] 1986 premium."   *Garrison*, 966 S.W.2d at 487.   To the contrary, counsel's research has uncovered not one reported decision, since *Garrison,* in which a Texas appellate court has found an adjuster acting for the insurance company personally liable for the adjuster's acts in handling the claim.   Nor should there be.   Under Texas law, agents have duties to both the insured and the insurer, while adjusters acting exclusively for the carrier do not owe duties to the insured.   *See Crocker*, 211 S.W.3d at 938-39; *Dear*, 947 S.W.2d at 916.   Significantly, in post-*Garrison* cases, Texas appellate courts have refused to find individual liability for Insurance Code violations, fraud, and conspiracy to commit fraud – the three claims

Plaintiffs assert in this case against the adjuster defendant. *See Carpenter*, 381 S.W.3d at 588-89; *Crocker*, 211 S.W.3d at 937-38.[1]

17.     Plaintiffs' fraud and conspiracy to commit fraud claims fail for the same reasons, among others, as their Insurance Code violation claims. *See Carpenter*, 381 S.W.3d at 585 (plaintiff alleged fraud and conspiracy to commit fraud, among other causes of action). As noted above, the label of a plaintiff's claim does not matter— whether bad faith, DTPA, *or fraud. See Carpenter*, 381 S.W.3d at 588 (citing *Dear*, 947 S.W.2d at 916-17). A fraud claim, like a DTPA or Insurance Code claim, requires an actionable material misrepresentation. *See, e.g., Druker v. Fortis Health*, 2006 WL 2022891, *2 (S.D. Tex. 2006) (statements that were not actionable under DTPA and Insurance Code were likewise not actionable under a fraud claim) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002)). Also, a fraud claim requires Plaintiffs to prove their alleged injuries were "proximately caused" by or "resulted from" Garza's conduct and that Plaintiffs detrimentally relied on some representation of adjuster Garza. *See McCulley Fine Arts Gallery, Inc. v. X Partners*, 860 S.W.2d 473, 483 (Tex.App.—El Paso 1993, no writ);[2] *Johnson v. Brewer*

---

[1]     Not only was the Fifth Circuit's prediction about adjuster liability wrong, the fundamental holding of *Gasch* has been effectively overruled by the Texas Supreme Court. *Gasch* involved a claim that workers' compensation benefits had been improperly denied. *Gasch*, 491 F.3d at 279. The Fifth Circuit found *sua sponte*, after summary judgment in the trial court, that there was no improper joinder because the adjuster defendant could have been liable for Insurance Code violations in adjusting the workers' compensation claim. *Id.* at 282-84. Thus, the Fifth Circuit held the federal district court had no jurisdiction and reversed and remanded the case to state court. *Id.* at 284. But the Texas Supreme Court has since held that as a matter of law, no unfair settlement claims can be made under the Insurance Code in workers' compensation cases. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 433 (Tex. 2012). In short, *Gasch* is no longer good law.

[2]     "Among the essential elements of fraud, without which there can be no recovery, is a showing of damages suffered due to the fraud. Fraud must be the cause of the claimed loss which is established by 'pleading and proof of a pecuniary loss suffered which is directly

& *Pritchard, P.C.*, 73 S.W.3d 193, 211 (Tex. 2002).[3]   Plaintiffs' claims are based on adjuster Garza's alleged undervaluing of Plaintiffs' claim.   There is no allegation that adjuster Garza's alleged fraud caused Plaintiffs harm or that Plaintiffs detrimentally relied on the adjuster – other than the naked, conclusory statements that "Plaintiffs would not have acted as they did" and Plaintiffs "acted in reliance upon the statements." *See* Original Petition at ¶¶ 40-43.   These bare allegations do not satisfy even the liberal notice pleading requirements under Texas law.   Plaintiffs do not allege a viable fraud claim against the adjuster.

18.     Finally, Plaintiffs allege conspiracy in connection with their fraud claim. But Plaintiffs' civil conspiracy claims are not viable.   As noted above, a conspiracy to commit fraud claim is not viable against a carrier-retained adjuster.   *See Carpenter*, 381 S.W.3d at 588.

19.     Furthermore, in Texas, "[t]he gist of a cause of action for conspiracy is damage from the commission of a wrong which injures another and not the conspiracy itself." *Schoellkopf v. Pledger*, 778 S.W.2d 897, 900 (Tex.App.—Dallas 1989, writ denied) (citing *Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806, 808 (Tex. 1979)).   As such, an essential element is "one or more unlawful, overt acts." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).   Thus, to prevail on a civil conspiracy claim, under Texas law, a plaintiff must "*plead and prove* 'one or more wrongful, overt acts' in furtherance of the conspiracy that would have been actionable

---

traceable to and which resulted from the false representation upon which the injured party relied.'" *McCulley*, 860 S.W.2d at 483 (citations omitted).
[3]      In *Johnson*, allegations of lies told by the defendant without evidence of how the plaintiff detrimentally relied on the misrepresentations were insufficient to overcome summary judgment on fraud claims. *Johnson*, 73 S.W.3d at 211.

against the conspirators individually." *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1195 (5th Cir. 1995) (citation omitted) (emphasis in original). There is no allegation of an actual wrongful, overt act – other than the naked, conclusory statement "Defendants State Farm and Garza committed an unlawful, overt act to further the object or course of action." *See* Original Petition at ¶ 43. These bare allegations do not satisfy even the liberal notice pleading requirements under Texas law. As set forth above, because the an adjuster cannot be found liable for fraud or Insurance Code violations, Plaintiffs' claim for conspiracy against adjuster Garza fails as a matter of law. *Banc One*, 67 F.3d at 1195; *Engstrum v. First Nat'l Bank of Eagle Lake*, 936 S.W.2d 438, 445 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

20.     As shown above, no viable claim has been made by Plaintiffs against State Farm-retained adjuster Garza. It is transparent; she was improperly joined. Thus, there is complete diversity in this case and the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

21.     Pursuant to Local Rule 81, all documents required by that rule to be filed with this Notice of Removal are attached and indexed.

## Conclusion

This state court action was timely and properly removed to federal court. The properly joined Defendant, State Farm Lloyds, is a citizen of Illinois, Colorado, and Pennsylvania, and Plaintiffs are citizens of Texas. Defendant Sylvia Garza was improperly joined to defeat diversity; therefore, her Texas citizenship is not to be considered in determining whether complete diversity exists. For these reasons, removal of this action is proper. Thus, pursuant to 28 U.S.C. § 1446(d), Defendants

State Farm Lloyds and Sylvia Garza intend to serve written notice of this removal on the state court promptly after filing this Notice of Removal.

Respectfully submitted,

RAMEY, CHANDLER, QUINN & ZITO, P.C.
One Bering Park
750 Bering Drive, Suite 600
Houston, Texas  77057
(713) 266-0074 Telephone
(713) 266-1064 Facsimile

Brian M. Chandler
bmc@ramey-chandler.com
State Bar No. 04091500
Federal Bar No. 7660

ATTORNEYS FOR DEFENDANTS
STATE FARM LLOYDS AND
SYLVIA GARZA

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by electronic filing and/or certified mail, return receipt requested, facsimile or hand delivery on August 30th 2013, as follows:

J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027
713-861-6616 telephone
713-861-8084 facsimile

Brian M. Chandler